Case: 5:06-cv-00032-JMH-JBT Doc #: 25 Filed: 02/08/07 Page: 1 of 6 - Page ID#: 201

Eastern District of Kentucky
FILED

FEB 0 8 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 06-32-JMH

TINA MARIE POWELL,                                    PETITIONER

V.                **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

COMMISSIONER, KENTUCKY
DEPARTMENT OF CORRECTIONS,                     RESPONDENT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On January 4, 2006, Petitioner Tina Marie Powell, then an inmate at the Homestead Correctional Institution, 19000 SW 377 Street, Florida City, Florida[1], filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE #1] in the United States District Court for the Southern District of Florida, challenging a 1987 murder conviction she received in the Fayette Circuit Court in Lexington, Kentucky. By Order dated January 31, 2006, the United States District Court for the Southern District of Florida transferred to this action to the United States District Court for the Eastern District of Kentucky.

By General Order of the Court, this action has been referred to the Magistrate Judge for consideration pursuant to 28 U.S.C. Section 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts.

On March 14, 2006, the Respondent moved to dismiss this action on the grounds that it was time-barred, being filed after the expiration of the statute of limitations had expired. Respondent also contends that the claims asserted in the petition are procedurally defaulted under Kentucky law, Kentucky Criminal Rule 11.42(10), because the claims were not raised in a collateral attack motion

---

[1] In October of 2006, petitioner was transferred to the Kentucky Correctional Institution for Women, P. O. Box 337, Peewee Valley, Kentucky.

filed under that Rule within three years of the adoption of paragraph (10) of that Rule, which three-year time period expired on October 1, 1997; therefore, the claims have been procedurally defaulted under Kentucky law. In the alternative, respondent also asserts that in the event that the Court determines that the petition is not time-barred and that the claims are not procedurally defaulted under Kentucky law, the claims asserted in the petition are not exhausted in the Kentucky state court system as required by 28 U.S.C. Section 2254(b).

Petitioner has filed a response to Respondent's motion to dismiss. [DE ##13,15]. Thus, this matter is ripe for review.

## II. DISCUSSION

### A. Standard of Review

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

### B. Prerequisites for federal habeas corpus review

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to her in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

Petitioner is presently an inmate at the Kentucky Correctional Institution for Women, P. O. Box 337, Peewee Valley, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

### C. Factual and Procedural History

By <u>Final Judgment, Sentence of Imprisonment</u> entered by the Fayette Circuit Court on April 24, 1987, petitioner was convicted of five counts of intentional murder and was sentenced to life imprisonment on one murder count and to life imprisonment without benefit of probation or parole for 25 years on the remaining four murder counts. Petitioner appealed her conviction to the Kentucky Supreme Court. On December 19, 1991, the Kentucky Supreme Court affirmed Petitioner's conviction and sentence. *Foster and Powell v. Commonwealth of Kentucky*, Ky., 827 S.W.2d 670 (1991).[2] Consequently, it appears from the record as it now stands, that Petitioner's conviction became final, at the latest, on June 4, 1992, twenty-one days after the Kentucky Supreme Court denied rehearing in this matter.

### D. The Statute of Limitations for state habeas actions

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") became effective. Section 101 of the AEDPA amended 28 U.S.C. § 2244, adding a new period of limitations for the filing of petitions for writ of habeas corpus. Section 2244 now reads in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution of laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] On May 14, 1992, the Kentucky Supreme Court denied rehearing of this matter.

>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## Discussion/Analysis

As a result of the joint trial with co-defendant LaFonda Fay Foster, petitioner Tina Hickey Powell was found guilty by the Fayette Circuit Court of five counts of intentional murder and was sentenced to life in prison without the benefit of probation or parole for twenty-five (25) years on four of those counts and life imprisonment on the remaining count. Petitioner appealed her murder convictions and sentences to the Kentucky Supreme Court, which affirmed those convictions and sentences in a published opinion, combined with the case of co-defendant LaFonda Fay Foster. *Foster and Powell v. Commonwealth of Kentucky*, 827 S.W.2d 670 (Ky. 1991). The Kentucky Supreme Court denied the petitions for rehearing on May 14, 1992. Thereafter, Foster, but not Powell, filed a petition for a writ of certiorari in the United States Supreme Court, and Foster's petition for a writ of certiorari was denied. *Foster v. Kentucky*, 506 U.S. 921 (Oct. 13, 1992). Powell's petition for writ of habeas corpus does not allege that she ever filed a collateral attack motion under Kentucky Criminal Rule 11.42.

Since Petitioner's conviction became final, at the latest, on June 4, 1992, and since petitioner did not file an RCr 11.42 motion in the trial court, the Magistrate Judge concludes that Petitioner's habeas petition is time-barred under 28 U.S.C. Section 2244(d) because it was not filed within one year of the effective date of the AEDPA amendments to the habeas corpus statute. In cases, such as Petitioner's, which became final on direct appeal prior to enactment of the AEDPA, the federal appellate courts have held that the amendment to Section 2244(d), creating a statute of limitations, must be interpreted to operate prospectively so that the deadline for filing a habeas petition for convictions that previously became final on direct appeal would be April 24, 1997 (one year from the effective date of the AEDPA). *Miller v. Marr*, 141 F.3d 967 (10th Cir. 1998); *Austin v. Mitchell*,

4

200 F.3d 391, 393 (6th Cir. 2000), *overruled on other grounds, Cowherd v. Million*, 380 F.3d 909 (6th Cir.2004)(en banc); *Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004).

A petitioner's *pro se* status or ignorance of the law does not supply cause for procedural default or failure to comply with the statute of limitations. *Allen v. Yukins*, 366 F.3d at 403, citing, *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). The Sixth Circuit has also held that erroneous attorney advice is not grounds for failure to comply with the statute of limitations. *Allen v. Yukins*, 366 F.3d at 403-404, citing, *Jurado v. Burt*, 337 F.3d 638, 644-645 (6th Cir. 2003). Additionally, the Sixth Circuit has held that ineffective assistance of trial counsel does not supply cause for failure to timely assert claims in a post-conviction petition. *Hannah v. Conley, supra*.

As previously stated, the petition was filed on January 4, 2006, nearly fourteen (14) years after her conviction became final in June of 1992, and more than nine (9) years subsequent to the enactment of the AEDPA. Further, it does not appear (1) that there was any impediment to Petitioner's filing of the petition, (2) that the petition is based upon an assertion of a newly recognized constitutional right, and (3) that there is any issue as to the date on which the factual predicate of Petitioner's claims could have been discovered. For all of these reasons, the Magistrate Judge is unpersuaded by petitioner's argument that the one-year statute of limitations in this case, which expired on April 24, 1997, more than nine (9) years ago, should be equitably tolled.

Consequently, the Magistrate Judge concludes that Petitioner's habeas petition filed under 42 U.S.C. § 2254 is time-barred, as it was not filed within one year after the enactment of the AEDPA.[3]

---

[3] Having concluded that Petitioner's habeas petition is time-barred, the Magistrate Judge need not address Respondent's remaining arguments that Petitioner's claims are procedurally defaulted or, alternatively, have not been exhausted.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the case law relevant to the one-year statute of limitations imposed by the AEDPA for the filing of federal habeas petitions, the Magistrate Judge concludes that Petitioner's federal habeas claim was not timely filed.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion to dismiss this action as time-barred [DE #9] be **GRANTED**, that Petitioner's habeas petition be **DENIED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 8th day of February, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE