Case: 5:06-cv-00032-JMH-JBT Doc #: 27 Filed: 02/08/07 Page: 1 of 3 - Page ID#: 208

Eastern District of Kentucky
FILED
FEB 08 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DISTRICT at LEXINGTON

CIVIL ACTION NO. 06-32-JMH

TINA MARIE POWELL,                          PETITIONER

V.           **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

COMMISSIONER, KENTUCKY
DEPARTMENT OF CORRECTIONS,                          RESPONDENT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On January 4, 2006, Petitioner Tina Marie Powell, then an inmate at the Homestead Correctional Institution, 19000 SW 377 Street, Florida City, Florida[1], filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE #1] in the United States District Court for the Southern District of Florida, challenging a 1987 murder conviction she received in the Fayette Circuit Court in Lexington, Kentucky. By Order dated January 31, 2006, the United States District Court for the Southern District of Florida transferred to this action to the United States District Court for the Eastern District of Kentucky.

By General Order of the Court, this action has been referred to the Magistrate Judge for consideration pursuant to 28 U.S.C. Section 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts.

This matter is currently before the court on Petitioner's *pro se* motion styled "Petitioner's Motion For Temporary Restraining Order" [DE #19] concerning Petitioner's allegations that prison officials at Homestead Correctional Institution in Florida have mishandled certain mailings or

---

[1] In October of 2006, petitioner was transferred to the Kentucky Correctional Institution for Women, P. O. Box 337, Peewee Valley, Kentucky.

interfered with certain mailings addressed to Petitioner. This motion for a temporary restraining order has been fully briefed and is ripe for review.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

In support of her motion for a temporary restraining order, Petitioner states that prison officials at the Homestead Correctional Institution in Florida have improperly interfered with her receipt of certain mailings and have improperly returned certain mailings to their sender. Although a portion of Petitioner's argument concerns her personal/social correspondence, a portion of her argument also concerns certain mailings Petitioner alleges that she needs in order to prosecute this case; thus, it appears that Petitioner's motion is based, in part, on her claim that prison officials in Florida have interfered with her legal mail and have denied her access to the court.

In responding to Petitioner's motion for a temporary restraining order, Respondent states that upon inquiry to James R. McDonough, Secretary of the Florida Department of Corrections, he has been advised by Maxmillian J. Changus, Assistant General Counsel, Florida Department of Corrections, that the officials of the Florida Department of Corrections have not interfered with Petitioner's legal mail, as defined in their regulations. Mr. Changus explained that the department has restricted or rejected items of non-legal mail in accordance with the department's regulations. Mr. Changus also explained that there was an issue about allowing Petitioner access to Kentucky legal materials, which Mr. Changus advised, as a matter of policy is not allowed within Florida prisons.

### Discussion/Analysis

The Magistrate Judge concludes that at this juncture, it is no longer necessary to perform an in-depth analysis of the regulations of the Florida Department of Corrections to determine whether prison officials at the Homestead Correctional Institution complied with those regulations in handling/processing mail addressed to Petitioner and to determine whether, during the course of handling/processing mail addressed to Petitioner, prison officials may have incorrectly categorized Petitioner's legal mail as non-legal mail, possibly leading to the return of Petitioner's legal mail to

the sender. This conclusion is based on the fact that subsequent to the filing of Petitioner's motion for a temporary restraining order, Petitioner is no longer an inmate at the Homestead Correctional Institution in Florida, is now in the custody of the Kentucky Department of Corrections, and, as previously noted above, is presently an inmate at the Peewee Valley Correctional Institution for Women, P. O. Box 337, Peewee Valley, Kentucky. Thus, Petitioner's transfer to a correctional institution in Kentucky has rendered her motion for a temporary restraining order against the prison officials at the Homestead Correctional Institution in Florida moot.

Accordingly, **IT IS RECOMMENDED** that Petitioner's motion styled "Petitioner's Motion For Temporary Restraining Order" [DE #19] concerning the handling/processing of Petitioner's mail by prison officials at Homestead Correctional Institution in Florida, be **DENIED AS MOOT**.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 8th day of February, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE